IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADRIAN GARFIAS CUEVAS, | : |
| Petitioner | : |
| | : CIVIL NO. 1:CV-14-1713 |
| v. | : |
| | : (Judge Caldwell) |
| I.N.S., | : |
| Respondent | : |

*M E M O R A N D U M*

I.  *Introduction*

On September 2, 2014, Adrian Garfias Cuevas filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Cuevas is confined at USP-Canaan in Canaan, Pennsylvania, serving a sentence of forty-eight months, after pleading guilty in the United States District Court for the Northern District of Illinois to illegal reentry by a previously deported alien. According to the website of the Federal Bureau of Prisons, www.bop.gov, his projected release date is June 12, 2015.

Cuevas is subject to an order of removal and in fact has been removed at least once from this country. In his 2241 petition, Cuevas asserts he is challenging his removal. (Doc. 1, ECF p. 2). In support, he alleges the following. At the age of 4, Cuevas' father brought him to this country illegally. By the age of 13, both his father and mother had died. As a result, in 1999, the Illinois Department of Children and Family

---

[1] Petitioner has named the INS as the respondent. The INS no longer exists, and its relevant functions have been taken over by the Bureau of Immigration and Customs Enforcement (ICE). Moreover, the only proper respondent in this matter is the warden of USP-Canaan where Petitioner is housed. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S.Ct. 2711, 2718, 159 L.Ed.2d 513 (2004).

Services (DCFS) was granted legal guardianship over Cuevas until he reached his majority. During that time DCFS started, but failed to complete, the necessary paperwork to legalize Cuevas' status in the United States, thereby violating his constitutional rights. (Doc. 1, ECF p. 7). As relief, he "request[s that his] l[e]gal status be corrected." (Id., ECF p. 9).

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), *see* 28 U.S.C. § 2254 Rules 1(b), this court has screened the Petition. *See McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994)("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). For the reasons that follow, the petition will be dismissed for lack of subject-matter jurisdiction.

II.   *Relevant Law*

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject-matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng*, 490 U.S. at 490-91, 109 S.Ct. at 1925).

III.     *Discussion*

We will dismiss the petition for lack of jurisdiction.  First, since Cuevas is not challenging his conviction, his current custody cannot satisfy the in-custody requirement. Second, he cannot challenge ICE custody because he is not yet in ICE custody as he is presently being held by the Bureau of Prisons on the basis of his criminal conviction.

In any event, because Cuevas is challenging his removal from the United States, we lack subject-matter jurisdiction over the petition for another reason.  Following the enactment of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005)(REAL ID Act), district courts were divested of subject-matter jurisdiction, whether through habeas corpus or otherwise, to review removal orders.  *See* 8 U.S.C. § 1252(a)(5).  The REAL ID Act provides that the "sole and exclusive means for judicial review" of an order of removal and matters dependent thereon, shall be a petition for review filed with the appropriate court of appeals.  *Id.*  Thus, the REAL ID Act expressly eliminated district-court jurisdiction over habeas corpus petitions challenging orders of removal.

Such a claim must be brought in the appropriate court of appeals, the court with jurisdiction over the immigration court that issued the removal order.  As we do not know where the immigration judge sat who issued the order of removal, we cannot

-3-

exercise our authority under 28 U.S.C. § 1631 to transfer this action to the appropriate court of appeals.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 9, 2014